**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| QINGDAO BAIZI ACOUSTIC TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>Felt Right, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-11174<br><br>JURY TRIAL DEMAND |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

NOW COMES Plaintiff QINGDAO BAIZI ACOUSTIC TECHNOLOGY CO., LTD. ("Plaintiff" or "Baizi"), by and through its undersigned counsel, and files this Complaint for Declaratory Judgment against Defendant Felt Right, LLC ("Felt Right" or "Defendant"), and alleges as follows:

**INTRODUCTION**

1. This is an action for declaratory judgment of patent invalidity arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

2. An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning U.S. Patent No. 12,486,674 B2, titled "Felt Tiles and Tile Kits" (the "'674 Patent").

3. Felt Right affirmatively accused products sold by Plaintiff through Amazon.com of infringing the '674 Patent by submitting an intellectual-property complaint to Amazon,

Complaint ID 20605812721, directed to forty-seven Amazon Standard Identification Numbers ("ASINs") associated with Plaintiff's Amazon storefront.

4. As a direct result of Felt Right's patent-enforcement complaint, Amazon removed the forty-seven accused listings from Plaintiff's storefront and advised Plaintiff that the listings may remain deactivated unless the dispute is resolved through, among other avenues, a court order, a letter of non-infringement from legal counsel, or a retraction submitted directly by the rights owner.

5. Felt Right's enforcement conduct has therefore created a concrete and immediate controversy regarding Plaintiff's right to manufacture, import, offer for sale, and sell the accused products in the United States without liability under the '674 Patent.

6. Plaintiff further seeks its costs and, to the extent warranted by the developed record, attorneys' fees under 35 U.S.C. § 285.

**<u>JURISDICTION AND VENUE</u>**

7. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the Patent Laws of the United States, and pursuant to 28 U.S.C. §§ 2201 and 2202.

8. An actual and substantial controversy of sufficient immediacy and reality exists because Felt Right has asserted the '674 Patent against Plaintiff's identified products through Amazon's intellectual-property enforcement process, and Amazon has removed Plaintiff's accused listings as a result.

9. Upon information and belief, this Court has personal jurisdiction over Felt Right because Felt Right conducts business in this District, has purposefully directed patent-enforcement activities through Amazon toward sellers conducting business in this District, and has

otherwise established sufficient minimum contacts with Illinois such that the exercise of personal jurisdiction comports with due process and traditional notions of fair play and substantial justice.

10. Felt Right has repeatedly used Amazon's intellectual-property complaint process to enforce the '674 Patent against online sellers and to cause removal of accused product listings from Amazon's marketplace. The present controversy arises directly from Felt Right's use of that enforcement mechanism against Plaintiff's Mollywell Direct storefront and the forty-seven Accused Listings.

11. Felt Right's enforcement conduct is not isolated. A closely related declaratory-judgment action against Felt Right arising from materially similar Amazon patent-enforcement activity involving the same '674 Patent, Fuzhou Yiyunhui Trading Co., Ltd. v. Felt Right, LLC, Case No. 1:26-cv-05968, is pending in this Court. A second declaratory-judgment action involving Felt Right's enforcement of the same '674 Patent through Amazon, Maxfind LLC v. Felt Right LLC, Case No. 1:26-cv-08116, is also pending in this Court.

12. These related proceedings further demonstrate Felt Right's repeated direction of enforcement conduct concerning the '674 Patent into this District. Plaintiff's claims arise directly from Felt Right's enforcement of the '674 Patent and the resulting restriction of Plaintiff's Accused Listings.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Felt Right conducts business in this District, has caused injury to sellers conducting business within this District, and has purposefully directed its Amazon patent-enforcement activities toward this District, including enforcement activity concerning the same '674 Patent that has already given rise to related declaratory-judgment actions pending before this Court.

## THE PARTIES

14. Plaintiff Qingdao Baizi Acoustic Technology Co., Ltd. is a company organized and existing under the laws of the People's Republic of China. Plaintiff's principal place of business is located at No. 65 Gucheng Road, Langya Town, Huangdao District, Qingdao, Shandong Province, China.

15. Plaintiff sells acoustic felt products in the United States through Amazon.com under the storefront name "Mollywell Direct," Seller ID A1MK4140AG9T3S.

16. Upon information and belief, Defendant Felt Right, LLC is a Utah limited liability company with a principal place of business in Utah.

17. Upon information and belief, Felt Right is the owner and/or assignee of the '674 Patent and is the entity identified to Amazon as the rights owner in Complaint ID 20605812721.

## STATEMENT OF FACTS

18. Plaintiff designs, manufactures, markets, and sells acoustic wall products, including decorative polyester fiber acoustic panels, to customers in the United States through Amazon.com.

19. The forty-seven Amazon listings targeted by Felt Right's complaint are collectively referred to as the "Accused Listings," and the products offered through those listings are collectively referred to as the "Accused Products." A schedule of the forty-seven ASINs is attached as Exhibit F.

20. The Accused Products can be grouped, based on their product structures, into three principal categories: thirty-three plain hexagonal acoustic-panel listings, nine carved or patterned hexagonal acoustic-panel listings, and five 24-inch square acoustic-panel listings.

21. Felt Right claims rights in U.S. Patent No. 12,486,674 B2, titled "Felt Tiles and Tile Kits," which was filed on May 5, 2021 and issued on December 2, 2025. A true and correct copy of the issued U.S. Patent No. 12,486,674 B2 is attached as Exhibit A.

22. Independent Claim 1 of the '674 Patent recites, among other limitations, a rigid felt body having parallel top and bottom surfaces; a top surface smaller than the bottom surface; a thickness no greater than one inch; and side surfaces consisting of a first set of non-perpendicular side surfaces connected to the top surface and a second set of side surfaces connected to the bottom surface and perpendicular to the top surface, with the two sets connected to form chamfered edges.

23. Claim 1 further requires the first set of side surfaces to be disposed around all sides of the perimeter of the top surface and the second set of side surfaces to be disposed around all sides of the perimeter of the bottom surface.

24. Claims 2 through 7 depend directly or indirectly from Claim 1 and add further limitations, including limitations concerning thickness, recycled content, angle, dimensional proportions, grooves, patterns, colors, and shapes. Claims 8 through 15 concern tile kits incorporating additional limitations.

25. On June 10, 2026, Amazon notified Plaintiff that it had removed the Accused Listings after receiving a patent-infringement report from Felt Right concerning the '674 Patent. A true and correct copy of Amazon's removal notice is attached as Exhibit B.

26. Amazon's notice identifies the infringement type as "Patent," identifies U.S. Patent No. 12,486,674 as the asserted intellectual property, identifies Complaint ID 20605812721, and identifies Felt Right as the rights owner.

27. Amazon further advised Plaintiff that the Accused Listings could be reactivated through, among other means, a court order establishing Plaintiff's right to sell the products, a letter of non-infringement from legal counsel, or a retraction submitted directly by Felt Right.

28. Felt Right's infringement assertion and the resulting removals have disrupted Plaintiff's ability to offer and sell the Accused Products through Amazon and have created continuing legal and commercial uncertainty concerning Plaintiff's United States business.

29. The asserted claims are invalid because the claimed subject matter was disclosed in and/or rendered obvious by prior art predating the May 5, 2021 effective filing date.

30. Among other prior-art materials, pre-filing Amazon product materials identified in Plaintiff's investigation include products associated with ASINs B081Q9P2V2, B0894B4526, and B08CZ3VJWY, with publicly available dates alleged to predate May 5, 2021 and product materials depicting felt or acoustic-panel structures with beveled or multi-surface edges. *See* Exhibit E.

31. Relevant prior art further includes public disclosures demonstrating the use of geometrically structured felt panels, chamfered edges, adhesive mounting systems, and grooving techniques to visually divide surfaces, as detailed in the evidentiary materials attached hereto as Exhibit C and Exhibit D.

32. Plaintiff's investigation has also identified additional earlier tile and acoustic-panel references relevant to the claimed geometry and to the knowledge of a person of ordinary skill in the art before May 5, 2021.

33. To the extent any asserted claim is not anticipated by a single prior-art reference under 35 U.S.C. § 102, the differences between that claim and the prior art would have been obvious to a person of ordinary skill in the art under 35 U.S.C. § 103, including in view of

combinations of known felt acoustic panels, known beveled/chamfered tile-edge structures, known techniques for visually dividing surfaces through non-through grooves (as taught in the plaster and wall-covering arts to simulate multi-piece tiles), and conventional mounting or kit features. A person of ordinary skill would have been motivated to combine these known elements to reduce manufacturing and installation complexity while achieving the predictable result of a divided visual aesthetic on a unitary panel.

**COUNT I**

**DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 12,486,674**

**(35 U.S.C. §§ 102 and/or 103; 28 U.S.C. §§ 2201 and 2202)**

34. Plaintiff repeats and realleges Paragraphs 1 through 33 as though fully set forth herein.

35. An actual, substantial, and justiciable controversy exists between Plaintiff and Felt Right regarding the validity of the claims of the ’674 Patent asserted against Plaintiff.

36. The asserted claims of the ’674 Patent are invalid for failure to satisfy one or more statutory conditions of patentability, including 35 U.S.C. §§ 102 and/or 103.

37. Prior art predating the effective filing date disclosed and/or rendered obvious the material elements of the asserted claims, including felt acoustic panels, beveled or chamfered tile edges, geometrically similar top and bottom surfaces of differing areas, multi-surface perimeter structures, grooves and patterns, adhesive mounting systems, and tile-kit arrangements.

38. Relevant prior art includes, without limitation, the pre-filing product materials and patent publications identified above, together with other prior art that may be identified through discovery and further investigation.

39. For example, to the extent the ’674 Patent claims tiles having shapes or patterns selected from a plurality of predetermined shapes or patterns, such features would have been obvious to a person of ordinary skill in the art prior to the effective filing date. The prior art, including the video evidence attached as Exhibit C, discloses the use of templates to cut felt acoustic panels into specific geometric shapes. It would have been obvious to a person of ordinary skill, for purposes of commercial standardization and mass production, to provide a plurality of predetermined templates or shapes. Furthermore, in view of the long-standing practice in the wall-covering arts of using grooves to simulate multi-piece patterns, as demonstrated in the references attached as Exhibit D, providing a plurality of predetermined groove patterns on a single acoustic panel would have been a routine and predictable design choice.

40. Similarly, to the extent the ’674 Patent claims tile kits including an instruction document showing designs or locations for applying adhesive devices, such features lack patentable weight as mere printed matter or, alternatively, would have been obvious. The prior art, including the video evidence attached as Exhibit C, discloses using reference images to guide the arrangement of multiple acoustic tiles into a final wall design. It would have been obvious to a person of ordinary skill to provide such reference images as physical instruction documents within a tile kit, and further obvious to indicate on such instructions the routine locations where the known adhesive devices should be applied to secure the tiles to a wall.

41. Plaintiff is entitled to a declaration that the asserted claims of the ’674 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff QINGDAO BAIZI ACOUSTIC TECHNOLOGY CO., LTD. respectfully requests that this Court enter judgment in its favor and against Defendant Felt Right, LLC, and grant the following relief:

A. A judgment declaring that the claims of U.S. Patent No. 12,486,674 asserted against Plaintiff are invalid under 35 U.S.C. §§ 102 and/or 103;

B. Appropriate equitable relief requiring Defendant to withdraw or correct patent-infringement complaints concerning the Accused Products to the extent those complaints are inconsistent with the Court's final judgment;

C. Appropriate equitable relief restraining Defendant from continuing to assert the '674 Patent against Plaintiff's products based on the invalidity of the asserted claims or from submitting platform complaints inconsistent with the Court's final judgment;

D. A declaration, if warranted by the developed record, that this is an exceptional case under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees;

E. Plaintiff's taxable costs; and

F. Such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: September 14, 2026

Respectfully Submitted

/s/Zhiwei Hua
1360 Valley Vista Dr, Suite 140,
Diamond Bar CA 91765
Bar No. 6099105
huazhiwei@concordsage.com
Phone: (216)3923236

*Counsel for Plaintiff*